## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | |
| Mohammad Nawaz Raja, | Case No. 23-10853-KHK |
| Debtor | (Chapter 13) |
| Mohammad Nawaz Raja, | |
| v. | AP No. 23-01059-KHK |
| Deutsche Bank National Trust Company, *et al.*, | |
| Defendants. | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court pursuant to (i) the Motion to Dismiss Adversary Proceeding filed by Southern Walk at Broadlands (Doc. No. 17)[1]; (ii) the Motion to Dismiss Adversary Proceeding filed by Eric W. Fox, Rees Broom, P.C. (Doc. No. 11); (iii) the Motion to Dismiss Adversary Proceeding filed by Deutsche Bank National Trust Company, PHH Mortgage Corporation and PHH Mortgage Services (Doc. No. 9) (collectively, the "Defendants' Motions to Dismiss"); (iv) the Motion for Entry of Default against the LOGS Defendants filed by Mohammad Nawaz Raja (Doc. No. 16); (v) the Motion to Authorize Filing an Oversized Response in Opposition filed by Mohammad Nawaz Raja (Doc. No. 26); (vi) the Motion to Take Judicial Notice that Defendants Logs failed to mail Motion to Dismiss to Plaintiff After Filing filed by Mohammad Nawaz Raja (Doc. No. 41); and the Motion to Determine Defendants Failed to Serve

---

[1] Unless otherwise indicated, references to Docket entries will be made using "Doc No." and will refer to Docket entries in the above-captioned Adversary Proceeding.

their Motion to Dismiss and Give the *Roseboro* Notice to Pro Se Plaintiff filed by Mohammad Nawaz Raja (Doc. No. 43); and the various responses to these Motions.  A hearing was held on these matters on February 20, 2024, at the conclusion of which, the Court took these matters under advisement.

The Court has reviewed the Complaint (Doc. No. 1), Motions and the various Responses thereto, the argument of the parties, the record in this case and the relevant caselaw.  For the reasons that follow, the Court will dismiss with prejudice the entirety of the Complaint.  The following constitutes the Court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

On May 22, 2023, Mohammad Nawaz Raja (the "Plaintiff" or "Mr. Raja" the "Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").  Case No. 23-10853, Doc. No. 1.  He is proceeding *pro se* in the main case as well as in this Adversary Proceeding.

On June 13, 2023, Mr. Raja filed his Chapter 13 Plan (Doc. No. 26), which ultimately drew an objection to confirmation from the Chapter 13 Trustee (Doc. No. 31), as well as a Motion to Dismiss from the Trustee.  Doc. No. 32, amended at Doc. No. 59.  The Trustee's main contention was that Mr. Raja did not have sufficient income to cure the approximately $765,679.48 in arrearages on his mortgage.  The Debtor's Plan also drew objections from his creditors.  Doc. Nos. 34, 35.  The Debtor later filed an Amended Plan (Doc. No. 113) which also drew objections from the Trustee and the Debtor's creditors.  Doc. Nos. 123, 124, 135.  The Trustee's Objection (Doc. No. 135) argued that Mr. Raja was not proceeding in good faith, that the proposed $20,316.60 in funding would not pay the arrearages on his mortgage or the claims of his homeowner's

association, and that the only apparent purpose of this bankruptcy filing was to litigate with his mortgage company and homeowner's association.

Mr. Raja in response filed Objections to Claim 1-3 (Doc. No. 96) and Claim 5-1 (Doc. No. 95) asserting, among other things, that neither creditor held a valid lien as asserted in their respective Proofs of Claim.  Claim 1-3 was filed by Bryce Lee Robertson of LOGS Legal Group LLP on behalf of PHH Mortgage Corporation ("PHH") as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR8, MORTGAGE PASS-THROUGH CERTIFICATES Series 2006-AR8, ("Deutsche Bank") asserting a secured claim in the amount of $1,157,439.97.  Claim 1-3 is based on a mortgage loan secured by a deed of trust on the real property located at 42907 Park Brooke Court, Broadlands, VA 20148.  The claim asserts arrearages in the amount of $765,679.48.  Claim 5-1 was filed by Erik Fox of Rees Broome, P.C. on behalf of Southern Walk at Broadlands, Inc, ("Southern Walk" or the "HOA") asserting a secured claim in the amount of $30,970.24.  Claim 5-1 is based on a judgment lien that originally arose due to nonpayment of HOA dues for the real property located at 42907 Park Brooke Court, Ashburn, VA 20148.  It includes an attachment indicating that personal liability on the claim was previously discharged but that *in rem* rights remain as the debt was secured by the property.

Because Federal Rule of Bankruptcy Procedure 7001 requires that proceedings to determine the validity of a lien proceed by adversary complaint, the Court dismissed the Claim Objections and required the Debtor to seek his requested relief by filing an adversary complaint. Doc. No. 125.

On October 10, 2023, Mr. Raja commenced the instant adversary proceeding by filing his Complaint asserting various theories for relief against Deutsche Bank, LOGS Legal Group, LLP, PHH and PHH Mortgage Services, Bryce Lee Robertson, Gregory N. Britto, Randa Azzam and William M. Savage (collectively with Logs Legal Group, LLP, the "LOGS Defendants"), Southern Walk, Reese Broom P.C., and Eric W. Fox (collectively, the "Defendants"). The Complaint before the Court goes on for approximately 56 pages, with 284 numbered paragraphs. Frequently it is difficult to determine exactly which Defendant is being accused of what conduct due to the convoluted, meandering and conspiracy theory ladened substance of the document.

The allegations are in no way simple, concise or plain, but the main thrust of the Complaint seems to be that the Plaintiff believes his mortgage was illegally assigned and illegally securitized, and that Claim 1-3 and Claim 5-1 were filed fraudulently. Plaintiff also believes that the Claims at issue violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") based on his belief that the Claims are not valid and include improper interest, charges and fees. Mr. Raja also asserts theories of breach of contract. The Court will address the Plaintiff's specific arguments Count by Count, but it suffices to say that Mr. Raja has asserted a myriad of theories for why he should not have to honor the Claims at issue, or the liens asserted by the Claimholders and why he should be able to recover against the Defendants.

In response to the Complaint, the Defendants filed their various Motions to Dismiss, in which they assert that the Plaintiff has failed to abide by Federal Rule of Civil Procedure 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants' Motions to Dismiss also argue that Mr. Raja has failed to state a claim, that he lacks standing to challenge transactions to which he was not a party and that the filing of proofs of claims in bankruptcy cases must be evaluated under the Bankruptcy

Code and not the FDCPA. They also assert that the Plaintiff has failed to identify a provision of any contract that was breached, and that with respect to any challenged liens, that the relevant creditor still holds a valid lien despite Mr. Raja's assertions to the contrary. Defendants' Motions to Dismiss also raise theories of res judicata, statute of limitations and certain pleading inadequacies under the FDCPA.

Ultimately, the viability of Mr. Raja's main bankruptcy case depends on his success in this adversary proceeding, because without that success, he cannot propose a confirmable plan due to his limited income in light of the asserted claims at issue. The Plaintiff's various Responses to the Defendants' Motions to Dismiss (Doc. Nos. 22, 24, 26, 34, 35, 36, 41,43, 55) largely repeat the arguments raised in his Complaint and also assert that he, as a *pro se* Plaintiff, was not afforded the proper *Roseboro* notice as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Mr. Raja has also requested entry of default against the LOGS Defendants and PHH Mortgage Services. Doc. Nos. 16, 35.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding as it concerns the administration of the estate, determination of the validity of liens, and the allowance or disallowance of claims against the estate. 28 U.S.C. § 157(b)(2)(A), (B), and (K). The parties are deemed to have consented to final judgment in this matter by virtue of the Scheduling Order in this case. Doc. No. 5.

### Plaintiff's Requests for Entry of Default and Other Requests for Relief:

Mr. Raja pleadings contain numerous requests for relief. The Court will first address each of the various requests, as appropriate, in turn.

First, the Court finds that the Plaintiff's Motion to Authorize Filing an Oversized Response (Doc. No. 26) is moot because he has already filed numerous large responses since this request was made.

With respect to the Plaintiff's request to enter default against PHH Mortgage Services (Doc. No. 35, pg. 7), the Court finds that request is inappropriate because PHH Mortgage Services is not a separate entity and is merely a d/b/a of a named defendant.  Doc. No. 32, pg. 2.

Next, the Court will address a notice issue with respect to the Motion to Dismiss filed by the LOGS Defendants. Doc. No. 39.   The Court will also simultaneously address the Motion for Entry of Default filed by the Plaintiff.  Doc. No. 16.

At the outset, the Court notes that the service of the Summons, Complaint and Scheduling Order on the LOGS Defendants is questionable at best.  LOGS certainly was not served properly as it was not served to the attention of an officer or agent as required by Federal Rule of Bankruptcy Procedure 7004, and sending one document for multiple defendants to share is simply inadequate under the Rules. Doc. No. 6, Exhibits 2 and 4 (Certificates of Service for LOGS and LOGS Defendants); Doc. No. 21 (LOGS Response indicating ineffective service and that the Complaint was not attached).   Further, failure to attach the Complaint also renders service defective under the Rules, which require mailing of a copy of the Summons and the Complaint.  As a result, the Court will deny the Plaintiff's Motion for Entry of Default because without proper service the deadline to answer does not begin to run.

While the LOGS Defendants certified that they served the Plaintiff with the Motion to Dismiss, they did not file a notice of hearing or otherwise provide the *Roseboro* notice to the Plaintiff.  For that reason, the Court will not consider the LOGS Motion to Dismiss in this decision. The Court notes for the record however, that the Complaint only raises the possibility of liability

with respect to the LOGS Defendants in relation to the FDCPA claims but does not otherwise request relief against those Defendants in the prayer for relief.

<u>Defendants' Motions to Dismiss</u>

Turning to the arguments raised in the Defendants' Motions to Dismiss, the Court will first address the argument that the Complaint fails to comply with the mandates of Federal Rule of Civil Procedure Rule 8(a)(2).

Rule 8(a)(2) requires that a plaintiff's claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule exists to provide Defendants with fair notice of the claims against them. For the reasons that follow, the Court finds that the Complaint fails to comply with FRCP 8(a)(2).

This is not the first, or even the second time that Mr. Raja has been admonished for his failure to comply with Rule 8. As Judge O'Grady noted in one of this Plaintiff's previous cases challenging his mortgage lender's claim in a long, convoluted complaint, Mr. Raja has repeatedly been warned of his failures to comply with Rule 8(a)(2)'s requirements. Indeed, in his Order dismissing Raja's Amended Complaint with Prejudice in that case, Judge O'Grady noted,

> As before, Plaintiffs have not complied with Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

District Court Case No. 14-01663, Doc. No. 291. The Complaint in that case was approximately 69 pages of far-fetched theories that failed to provide the defendants with adequate notice of the claims against them. That Complaint also sought to challenge assignments of Mr. Raja's mortgage, the securitization process in relation to the mortgage and other transactions that Mr. Raja was not a party to, as well as raising alleged FDCPA violations, which are also asserted in this case. Judge O'Grady ruled that the complaint violated Rule 8(a)(2) and went on to rule that among other things,

Mr. Raja lacked standing to challenge transactions to which he was not a party and thus had failed to state a claim with respect to those causes of action. *Id*.

Mr. Raja was also previously admonished for his failure to adhere to Rule 8 by Judge O'Grady in Case No. 13-cv-00944. District Court Case No. 13-cv-00944, Doc. No. 108. That complaint was approximately 188 pages (excluding exhibits and non-substantive pages) and similarly challenged the validity of Mr. Raja's mortgage on similar theories. In another of Raja's cases filed in the District Court for the District of Columbia in Case No. 16-cv-00511, Magistrate Judge Robinson ruled that the Complaint in that case consisted largely of a "recitation of grievances and conspiracy theories concerning financial institutions and federal regulators." D.C. District Court Case No. 16-cv-00511, Doc. No. 104. Judge Robinson expressly noted that Mr. Raja had previously been put on notice of Rule 8's mandates by the Eastern District of Virginia and by the Fourth Circuit Court of Appeals. D.C. District Court Case No. 16-cv-00511, Doc. No. 104, pg. 6.

The Complaint before this Court goes on for approximately 56 pages, with 284 numbered paragraphs. The allegations are not "simple, concise and direct" as required by FRCP 8(d)(1). The statements of each claim against each Defendant are not short nor are they plain, and it is frequently difficult to determine which theories apply to which Defendant. While the Court is mindful that it must construe *pro se* pleadings liberally and must apply a less stringent standard to whether the Complaint meets the pleading requirements of Rule 8, the Court must also make its assessment in light of the numerous times this Plaintiff has been warned about Rule 8 by the Eastern District of Virginia, the Fourth Circuit Court of Appeals and the District Court for the District of Columbia.

Mr. Raja's Responses attempt to argue that he has met the pleading standards, however they merely make conclusory statements that he has done so and repeats his various claims for why he believes the claims against his property that have been filed are unenforceable.  He does not, for example, point to examples of meeting that standard within a pleading.  Mr. Raja also complains about being required to make a short concise statement of his right to relief under Rule 8 while also being required to meet the heightened pleading standard of Rule 9 with respect to pleading fraud.  The Plaintiff misunderstands the pleading requirement with respect to fraud and ignores that his Complaint does not violate Rule 8 because it gives the who, what, where and why of the fraud (which it in fact also fails to do), it violates Rule 8 because the Complaint is lengthy, convoluted, contains a myriad of conspiracy theories, and most importantly, fails to provide Defendants with adequate notice of the claims against them.

Plaintiff argues that the Defendants could have moved for a more definite statement under FRCP 12(e).  However, the availability of that relief for the Defendants does not relieve the Plaintiff of meeting his obligation under Rule 8, and this is far from his first warning on the issue.

For those reasons alone, the Court finds that the Complaint should be dismissed.  However, because dismissal on procedural or technical grounds is generally disfavored in this jurisdiction, *North Carolina v. McGuirt*, 114 F. App'x 555, 559 (4th Cir. 2004), the Court will also analyze whether the Complaint states a claim.

Failure to State a Claim under FRCP 12(b)(6):

Because the Complaint fails to adhere to Rule 8, it is difficult to parse which claims are asserted against which Defendants. Nevertheless, the Court will exercise its duty to leniently analyze whether Mr. Raja has stated a claim under Federal Rule of Civil Procedure 12(b)(6), with

an eye toward what he seems to be alleging.  The Court will analyze each Count with respect to the possible Defendant(s) that Count appears to target.

### Counts I and II – Objections to Proofs of Claims

Count I of the Complaint is styled as an objection to Southern Walk's Claim 5-1 and Deutsche Bank's Claim 1-3 and asserts that they were filed in bad faith because Mr. Raja believes the Proofs of Claims fail to comply with Federal Rule of Bankruptcy Procedure 3001 because they do not provide the necessary information.  He also asserts that Deutsche Bank inappropriately charged interest and fees after the Debtor filed for bankruptcy.  Count II similarly claims that these Proofs of Claims are false and fail to comply with Rule 3001 and therefore sanctions are appropriate against the Claimholders.

<u>Defendants Southern Walk and Rees Broom</u>:

It is not clear to the Court exactly what the Plaintiff is asserting beyond his theory that he does not owe money (including any fees, interest or other charges) to Southern Walk.  He thinks that because of a prior discharge and filings in the state land records indicating that personal liability had been discharged, that Southern Walk and the Rees Broom Defendants somehow harmed him by filing Claim 5-1.  Even if personal liability was previously discharged, each creditor still indisputably has *in rem* rights to the property by virtue of the judgment lien in the case of Southern Walk and by virtue of the recorded deed of trust in the case of Deutsche Bank.

This Court has previously adopted the majority view when it comes to filing proofs of claim for *in rem* liability where the in personam liability has been discharged, which is, that such *in rem* rights constitute a claim and proof thereof may properly be filed with the Bankruptcy Court. *See In re Arthur Joseph Stevenson*, 23-32811-KRH, Doc. No. 30, pgs. 2-3 (Bankr. E.D. Va. November 8, 2023) (discussing Supreme Court's broad interpretation of "claim" in *Johnson v.*

*Home State Bank*, 501 U.S. 78 (1991)).  Therefore, any contention that Southern Walk's claims should be disallowed based on the prior chapter 7 discharge issued in Case No. 20-12093 is without merit and fails to state a claim.  While the Plaintiff argues that satisfactions of the judgment liens were filed, the documents expressly note that in personam liability was discharged in bankruptcy but that *in rem* rights remain.  *See* POC 5-1, pg. 4.

Mr. Raja also attempts to argue that the underlying debt that originally supported the state court judgment liens is invalid.  However, under the *Rooker-Feldman* doctrine, this Court is not at liberty to sit in an appellate capacity to review state court judgments.  Further, these judgments are based on liability that seems to have been incurred post-petition with respect to the Debtor's 2008 bankruptcy.  In that case, Judge Mayer found that Southern Walk was not given proper notice of the case and that it was entitled to insist on payment from January 2009 forward given that the case was filed in December of 2008.  Case 08-18049, Doc. No. 64.  The record shows that those judgment liens were entered and docketed after the 2008 case and prior to commencement of Case No. 20-12093.  *See* Doc. No. 95 (showing judgments entered and docketed prior to 2020).  Moreover, while the liens were not recorded in the land records until after the discharge in Case No. 20-12093, which was issued on December 15, 2020, and extinguished Mr. Raja's in personam liability, the liens, while not perfected, were attached, and were not avoided in Case No. 20-12093.  Mr. Raja's own claim objection at Doc. No. 95 in the main case before the Court shows that the liens were recorded in the land records on December 29, 2020, thereby perfecting the HOA's *in rem* rights.  Accordingly, Mr. Raja has failed to establish any basis upon which to assert that these liens are invalid.

While the Plaintiff repeatedly argues that Southern Walk and Open Band violated the automatic stay during his 2008 bankruptcy by disconnecting his internet and cable services, the

Plaintiff already previously raised that argument before Judge Mayer on a Motion to Reopen the bankruptcy case and that argument was rejected. Case 08-18049, Doc. No. 64. In particular, the record in that case reveals that the Debtor did not include Southern Walk and Open Band on its creditor matrix and therefore they had no notice of the bankruptcy at the time they disconnected services to the Debtor. *Id.* In any event, regardless of the disconnection of services, the fact remains that Southern Walk holds valid *in rem* rights against the Debtor's property by virtue of the judgment liens that were recorded against it and under the Rooker-Feldman doctrine, this Court is without jurisdiction to entertain collateral attacks on those judgments such as those being lodged by the Plaintiff here.

Mr. Raja also repeatedly asserts that the Proofs of Claims at issue in this case are not supported by attached writings and documentation sufficient to substantiate the claims. The Court disagrees and specifically finds sufficient documentation is attached to Claim 5-1 demonstrating that Southern Walk is entitled to effect assessments against Mr. Raja and his property.

Defendants Deutsche Bank and PHH Mortgage:

The Court also finds sufficient documentation is attached to Claim 1-3 to substantiate Deutsche Bank's claim. The Court will next address the Plaintiff's argument that Deutsche Bank and PHH did not provide a *Roseboro* notice. The Court finds that the notice at Doc. No. 10 substantially complies with *Roseboro*'s requirements to inform the Plaintiff of his rights and responsibilities with respect to responding to the Motion to Dismiss. The notice indicates that a motion to dismiss has been filed, that Plaintiff's rights may be affected, that the Plaintiff has 21 days to either file a response or attend a hearing or the Court may grant the relief without a hearing and advises the Plaintiff that he may wish to consult with an attorney. Therefore, the *Roseboro*

objection is overruled with respect to the Deutsche Bank and PHH Motion to Dismiss (Doc. No. 9) and the Plaintiff's Motion to Strike (Doc. No. 36) will be DENIED.

The Plaintiff's argument that the Amended Proof of Claim filed by Deutsche Bank and PHH is unenforceable under any agreement or law is simply without merit. The Plaintiff seems to allege that these Defendants do not have standing to foreclose by challenging Deutsche Bank's ownership of the Plaintiff's mortgage loan. He also seems to assert that somehow through the process of the pooling of his mortgage with others as part of the securitization process for the mortgage investment industry the obligation became unenforceable. In general, the Plaintiff challenges a plethora of transactions and assignments that he was not a party to.

Such claims are contrary to Virginia law, and Mr. Raja has already received a similar ruling in prior litigation. Judge O'Grady previously ruled that Raja has no standing to challenge transactions to which he was not a party and that he failed to state a claim for rescission having failed to allege a present ability to tender loan proceeds. District Court Case No. 14-cv-01663, Doc. No. 291. The Court notes that in addition to Judge O'Grady's ruling, courts in this circuit have repeatedly held that debtors in Mr. Raja's position do not have standing to challenge assignments of this type. Indeed, as observed by Judge Cacheris in *Pena v. HSBC Bank USA*, Virginia courts routinely dismiss such challenges on the basis of lack of standing because the complainant was not a party to or intended beneficiary of the challenged document. *Pena v. HSBC Bank USA*, No. 1:14CV1018 JCC/JFA, 2014 WL 5684798, at *5 (E.D. Va. Nov. 4, 2014), aff'd sub nom. *Pena v. HSBC Bank USA*, Nat. Ass'n, 633 F. App'x 580 (4th Cir. 2015); s*ee also Wolf v. Fed. Nat'l Mortg. Ass'n*, 830 F.Supp.2d 153, 161 (W.D. Va. 2011) (concluding that plaintiff had no standing to challenge the assignment of a deed of trust, because "[a]bsent an enforceable contract right, a party lacks standing to challenge the validity of the contract"), aff'd, 512 F. App'x

336 (4th Cir. 2013); *Figueroa v. Deutsche Bank Nat'l Trust Co.*, No. 1:13cv592, at *3–4 (E.D. Va. July 10, 2013) (holding plaintiff had no standing to allege that the assignment of the note and deed of trust violated a pooling or service agreement or any other contract because she could not show she was a party to, or third-party beneficiary, of any such agreement), aff'd, 548 F. App'x 85 (4th Cir. 2013).

Any argument that the loan is somehow invalid by virtue of securitization or pooling of the mortgage loan or based on a lost instrument or assignment is equally ineffective. Indeed, "there is no legal authority that the sale or pooling of investment interest in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property." *Upperman v. Deutsche Bank Nat'l Trust Co.*, No. 1:10cv149, 2010 WL 1610414, at *2–4 (E.D. Va. Apr. 16, 2010). Even "[a] defendant's inability to produce the original note [does] not render the foreclosure sale invalid, and [a] plaintiff's claim to the contrary must be dismissed." *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F.Supp.2d 714, 721 (W.D.Va. 2011); *see* Va.Code § 55.1–321(B) ("[T]he fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale").

As Deutsche Bank points out, the Plaintiff's current Complaint does not deviate from that core set of facts as shown in the following allegations from the Complaint:

> [Deutsche Bank] . . . sold toxic assets of dissolved trust including Plaintiffs' loan, for 1.5 cents/pennies on dollar, therefore it is not beneficiaries of [Plaintiff's] debt obligation, and thus any foreclosure or filing POC by such entities is invalid"). Complaint, pg. 17, ¶ 93.

> [Deutsche Bank] sold [Plaintiff's] loan in violation of various laws and agreements… Complaint, pg. 19, ¶ 100.

> There were various sales of [Plaintiff's] loan; [Plaintiff] and his wife were not given notice. Complaint, pg. 20, ¶ 101.

[Deutsche Bank], as Assignee lose the protection under the law, because [Deutsche Bank] were parties in selling the Plaintiff's loan, in violation of premature performance . . . Complaint, pg. 21, ¶ 106.

[Deutsche Bank] as assignee is subject to the rescission right to the same extent as the original creditor.  Complaint, pg. 22, ¶ 108.

Mr. Raja's assertion that either Deutsche Bank and/or PHH and their attorneys the LOGS Defendants or Southern Walk and its attorneys the Rees Broom Defendants filed either original or amended claims in bad faith is likewise without merit.   First, the Plaintiff cites no authority to show that a creditor cannot seek to amend its claim.  Second, the Court finds that the amendments did not prejudice the Plaintiff - Deutsche Bank's amendment actually *lowered* the amount of the claim.  As previously noted, Southern Walk's claim is an *in rem* claim and the Proof of Claim makes clear that it was only being filed for informational purposes in relation to the assertion of valid *in rem* rights.  The Plaintiff's failure to avoid any of the judgment liens that have been recorded against his property renders his argument that Southern Walk filed its Claim in bad faith, meritless.  The Court is therefore left with no basis to find that Claims 5-1 and 1-3 were filed or amended improperly or that they should be disallowed.

Accordingly, the Court finds that Mr. Raja has failed to state a claim with respect to Counts I and II.  Moreover, allowing amendments to these Counts would be futile.  The Plaintiff cannot plead around the clear record in this case and the controlling law.  As a result, the Court will dismiss Counts I and II with prejudice as to all Defendants in this case.

### Counts III and IV – FDCPA Claims

Counts III and IV of the Complaint arise under the FDCPA and relate to Claims 1-3 and 5-1.  The Counts really focus on the filing of the Proofs of Claims and Plaintiff's theory that the underlying debts are not enforceable, but also tacks on at the end that the Defendants are seeking to collect interest and fees that were assessed by the creditors after this bankruptcy was filed.

15

The Supreme Court's holding in *Midland Funding, LLC, v. Johnson* makes clear that the Bankruptcy Code, not the FDCPA, is the appropriate avenue for redressing any issues with respect to the propriety of a proof of claim filed in a chapter 13 case for an enforceable state law claim. *In re Derby*, No. 17-34385-KLP, 2019 WL 1423084, at *4 (Bankr. E.D. Va. Mar. 28, 2019) (citing *Midland Funding, LLC v. Johnson*, 581 U.S. 224, 228 (2017)). Even putting aside that the alleged improper interest was asserted *in* Claims 1-3 and 5-1, placing this issue squarely within *Midland*'s holding, the Court finds that the Proofs of Claims themselves make clear that any interest was charged up until the petition date—not after. As a result, Mr. Raja may not plead that any improper interest was charged post-petition in relation to either POC because the documents attached to each show that itemized charges ended the date the bankruptcy was filed. *See* Claim 1-3, pg. 4 and Claim 5-1, pg. 6. To the extent Mr. Raja is concerned with post-petition fees that are recoverable against his property—the bankruptcy process in chapter 13 expressly allows for creditors with security interests in the debtor's principal residence to file notices of post-petition mortgage fees, expenses and charges. Federal Rule of Bankruptcy Procedure 3002.1(c) expressly provides as follows:

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

In sum, because these causes of action relate to the proof of claim process and involve otherwise enforceable state law claims, they are properly considered under the Bankruptcy Code, not under the FDCPA. Because the Court has ruled that the Bankruptcy Code will be the sole avenue of redress with respect to proofs of claim filed in this chapter 13 case based on *Midland* and *Derby*, the Court finds that Counts III and IV fail to state a claim under the FDCPA because

16

they are based on the filings of proofs of claim in a chapter 13 bankruptcy case for enforceable

state law claims.  Because this result is dictated by District Court and Supreme Court precedent

and cannot be changed through an amendment to the Complaint, the Court will also dismiss Counts

III and IV with prejudice as to all Defendants.  This determination moots the Motion to Dismiss

filed by the LOGS Defendants.

## Count V - Fraud

Count V is a fraud action.  It appears however, that the only allegation with respect to

Deutsche Bank is that it pressured appraisers to issue inflated appraisals. "In Virginia, the elements

of fraud are: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly,

(4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damages to the party

misled." *Corish v. Northcutt*, 87 Va. Cir. 20 (2014).

Here, the Plaintiff fails to plead a misrepresentation or to otherwise meet the heightened

pleading standards of FRCP 9(b) which provides that fraud allegations "must, at a minimum,

describe the time, place, and contents of the false representations, as well as the identity of the

person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson

v. Kellogg Brown & Root*, Inc., 525 F.3d 370, 379 (4th Cir. 2008).  As Deutsche Bank points out,

the Plaintiff seems to allege certain individuals conspired to inflate the value of his property, but

does not connect these individuals to the Defendants, identify any false statements made to him,

explain how he relied on the statements, or how the reliance resulted in damages.

The Court is cognizant of Judge O'Grady's Order dismissing certain of Raja's claims with

prejudice entered May 11, 2016.  In that final order, Judge O'Grady found that not only had Raja

failed to plead fraud with particularity, but that any amendment would be futile.  Case No. 14-cv-

01663, Doc. No. 291.  The Court notes that the relevant Count from the Amended Complaint in

that case specifically alleged appraisal fraud and that the joint venture of entities inflated appraisals and failed to follow State and Federal laws and appraiser guidelines. So too does the Complaint in this matter.

In Virginia, a subsequent lawsuit will be barred by the doctrine of res judicata where the defendant establishes: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Pension Benefit Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quotations omitted).

In determining whether there is an identity of claims, the Fourth Circuit adopts the "transactional approach" of the Restatement (Second) of Judgments § 24(b). Under that approach, "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1058 (4th Cir. 1991) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). The preclusive effect of a prior dismissal with prejudice applies not only to claims actually presented in the earlier action, but "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Meekins*, 946 F.2d at 1057.

The allegations of fraud in this case are almost identical to the allegations in the case before Judge O'Grady. Because the factual premise of the fraud claim in each case is the same in that it describes one core set of facts or transaction, the Court finds that there is an identity of the causes of action. Deutsche Bank and PHH are also considered to be the same parties because Deutsche Bank was a named party and PHH is a successor in interest to Ocwen Loan Servicing, LLC, another named party from the prior Complaint. While the Plaintiff argues that res judicata should

not apply, his arguments are conclusory and the identical nature of the claims he asserts now and that he previously asserted, which were dismissed by Judge O'Grady justify the application of res judicata in this matter.

Accordingly, the Court finds that res judicata bars Mr. Raja's assertion of Count V, and even if it did not, Mr. Raja has failed to adequately plead a cause of action for fraud. As a result, the Court will dismiss this Count as to all named Defendants with prejudice because Mr. Raja cannot plead around the application of res judicata in this matter.

## Count VI – Breach of Contract

Count VI is a breach of contract claim which at minimum requires the Plaintiff to identify a valid enforceable contract and to then identify the provision that has been breached. The Plaintiff has failed to do so, merely alleging generally that the Defendants failed to perform an accounting and that they manufactured a default to cash out credit default swaps. Southern Walk is also accused of violating a contract by filing its Proof of Claim. None of these allegations establish that either Deutsche Bank, PHH or Southern Walk or any of their agents breached an enforceable provision of a contract.

Additionally, the allegations underlying the breach of contract claim were also asserted previously in the Amended Complaint dismissed with prejudice by Judge O'Grady. Case No. 14-cv-01663, Doc. No. 291. As pointed out by Deutsche Bank, the Plaintiff previously alleged

> Defendants failed to perform their duties or otherwise breached the contract, by not accounting Plaintiff's mortgage payments towards their account, intentionally wrongfully declared and placed Plaintiffs in manufactured default, to cash the credit default swaps, insurance proceeds, and receive 80% from FDIC that the contracts prohibited them from doing...

Case No. 14-cv-01663, Doc. No. 194, ¶ 222. Here, Plaintiff identically alleges,

Defendants failed to perform their duties or otherwise breached the contract, by not accounting Plaintiffs mortgage payments towards their account, intentionally wrongfully declared and placed Plaintiffs in manufactured default, to cash the credit default swaps, insurance proceeds, and receive 80% loan value from FDIC that the contracts prohibited them from doing.

Complaint, ¶ 256.

Like Count V, the claims are the same, and the parties are the same, but the Court hesitates to apply res judicata in this instance because it appears Judge O'Grady did not dispose of this cause of action on the merits but instead chose to not exercise jurisdiction over the state law claim after dismissing the claims giving rise to original jurisdiction. Case No. 14-cv-01663, Doc. No. 291, pg. 5. Accordingly, the Court will not apply res judicata to Count VI.

Nevertheless, the Count still suffers from the aforementioned fatal pleading inadequacies. Further, given the Court's ruling overruling the Plaintiff's challenges to the enforceability of Southern Walk and Deutsche Bank's claims, the dismissal of the Debtor's main bankruptcy case is inevitable, rendering any exercise of related to jurisdiction over this state law claim tenuous, if not improper, given the impending lack of nexus to an underlying bankruptcy case. *See* 23-10853-KHK, Docket No. 59, Trustee's Amended Motion to Dismiss Case (asserting that debtor cannot successfully reorganize due to high amount of mortgage arrearage claim totaling approximately $765,679.48). The Court notes that Plaintiff has monthly net income of approximately $3385, which termed out over 60 months of plan payments would not even come close to curing the arrearage. Accordingly, Count VI fails to state a claim and will be dismissed with prejudice as to all Defendants with prejudice.

**Count VII – Injunctive Relief**

Count VII requests injunctive and declaratory relief against Deutsche Bank and Southern Walk in relation to their filings of Proofs of Claims that the Plaintiff asserts were false and filed in

bad faith. Plaintiff's assertion is based on his various theories of unenforceability which the Court has already rejected. Accordingly, the Court finds that Count VII also fails to state a claim and will dismiss it as to all Defendants with prejudice to refiling in this Court.

## Count VIII – Relief Under 11 U. S. C. §105

Count VIII seeks equitable relief against Deutsche Bank for filing Claim 1-3. Plaintiff essentially asserts that the Proof of Claim (and amendments thereto) are fraudulent and filed in bad faith and should warrant sanctions under section 105 of the Bankruptcy Code. The Plaintiff bases his theory of fraud and bad faith on his already rejected theories of unenforceability of the mortgage. Accordingly, the Court finds that Count VIII also fails to state a claim. Therefore, the Court will dismiss Count VIII as to all Defendants with prejudice.

## CONCLUSION

For the foregoing reasons Proofs of Claim 1-3 and 5-1 will be allowed as filed and the Court will dismiss with prejudice the entirety of this Complaint.

While the Court is mindful that litigants are allowed to amend their pleadings once as a matter of course, the Court finds that based on its ruling, it would be an exercise in futility in this instance because the Plaintiff's asserted claims are either barred by res judicata or by existing law.

Given the Court's rulings, (i) any arguments raised by the Defendants in support of dismissal but not otherwise addressed herein; and (ii) any other requests for relief made by Mr. Raja in his Complaint that depend on the survival of the Complaint, such as requests for costs, fees sanctions or any other relief, are rendered moot.

A separate judgment will issue consistent with this Opinion.

Mr. Raja shall have 14 days from the date of entry of this Opinion and the corresponding

Judgment to appeal by filing a Notice of Appeal with the Clerk of the Bankruptcy Court.

The Clerk is hereby instructed to provide a copy of this Opinion and electronic notice of

its entry to all parties to this Adversary Proceeding.

Date:  Apr 10 2024                          /s/ Klinette H Kindred

Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: April 10, 2024